UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-CV-22393-SCOLA

BARROCOS OF FLORIDA, INC.,

    Plaintiff,

vs.

JOHN GILBERT ELMASSIAN,

    Defendant,

and

JOHN GILBERT ELMASSIAN
d/b/a CHARMING SILVER,

    Third-Party Plaintiff,

vs.

HENG LEE PEARL COMPANY, LTD,
d/b/a AUDREY,

    Third-Party Defendant.
_____/

**ORDER ON MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

THIS MATTER is before the Court on the Motion to Dismiss Third-Party Complaint for Lack of Personal Jurisdiction [ECF No. 64], filed by Third-Party Defendant Heng Lee Pearl Co. For the reasons set forth below, this Motion is denied.

**Introduction**

Plaintiff Barrocos of Florida, Inc. ("Barrocos") brought this action in Florida federal court against John Gilbert Elmassian d/b/a Charming Silver ("Charming Silver") for selling, and offering for sale, at a Florida trade show flower jewelry that allegedly infringes Barrocos's copyrighted design. Subsequently, Charming Silver filed a Third-Party Complaint against Heng Lee Pearl Co., Ltd. ("Heng Lee"), alleging claims for contributory copyright infringement, contribution, and indemnification.

Heng Lee is a Hong Kong corporation with its principal place of business in Hong Kong. Heng Lee designs jewelry in Hong Kong and manufactures it in Haifeng, China. The jewelry is sold to customers in various countries, including the United States. From Hong Kong, Heng Lee sold and shipped the flower design jewelry at the center of this dispute to Barrocos and Charming Silver in the United States. According to the Third-Party Complaint, Heng Lee made, sold, and distributed flower design jewelry to Charming Silver, despite knowing about Barrocos's alleged copyright. Third-Party Compl. ¶ 206. Thus, Heng Lee allegedly materially contributed to Charming Silver's infringement, if any, by causing and inducing Charming Silver to purchase the infringing jewelry. *Id.* Charming Silver seeks damages, contribution, and indemnification from Heng Lee as a contributory infringer, in the event that Charming Silver is found liable to Barrocos. *Id.* at 32 (Prayer for Relief).

Heng Lee moves to dismiss the Third-Party Complaint for lack of personal jurisdiction. According to Heng Lee, this Court may not exercise personal jurisdiction under Florida's long-arm statute because Heng Lee does not have sufficient contacts with the forum state. Charming Silver disagrees, pointing to Heng Lee's activity with Barrocos in Florida and its business relationship with Charming Silver in United States. The parties' arguments are considered in more detail below. For the reasons that follow, the Court finds Heng Lee is not subject to personal jurisdiction under Florida's long-arm statute, but that jurisdiction is supported by Federal Rule of Civil Procedure 4(k)(2), the federal long-arm provision.

## **Legal Standards**

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction. "A court must dismiss an action against a defendant over which it has no personal jurisdiction." *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1323-24 (M.D. Fla. 2011). To withstand a motion to dismiss, the plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the foreign defendant's person. *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 F. App'x 623, 625 (11th Cir. 2010). The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). If the defendant sustains its burden of challenging the plaintiff's allegations through affidavits or other competent evidence, the plaintiff must substantiate the jurisdictional allegations in the complaint by affidavits, testimony, or other evidence of its own. *Future Tech.*

*Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). The plaintiff must do more than "merely reiterate the factual allegations in the complaint." *Id.* (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991). Where the evidence conflicts, however, the district court must construe all reasonable inferences in favor of the plaintiff. *See PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 810 (11th Cir. 2010). "If such inferences are sufficient to defeat a motion for judgment as a matter of law, the court must rule for the plaintiff, finding that jurisdiction exists." *Id.*

"Whether the court has personal jurisdiction over a defendant is governed by a two-part analysis." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324. First, the court must determine whether the applicable state long-arm statute is satisfied. *Future Tech. Today*, 218 F.3d at 1249. "When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme court." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1265 (11th Cir. 1998); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1361 (11th Cir. 2006). Second, if the state long-arm statute is satisfied, the court must analyze "whether the exercise of jurisdiction over the defendant comports with the Constitution's requirements of due process and traditional notions of fair play and substantial justice." *Verizon Trademark Servs.*, 810 F. Supp. 2d at 1324; *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 626 (11th Cir. 1996).

Where a foreign defendant is not subject to personal jurisdiction in any state's courts, Federal Rule of Civil Procedure 4(k)(2) permits an exercise of jurisdiction grounded on an aggregation of the defendant's nationwide contacts, provided that two conditions are present. *Consol. Dev. Corp.*, 216 F.3d at 1291. First, the plaintiff's claims must arise under federal law; second, the exercise of jurisdiction must be consistent with the Constitution and laws of the United States. *Id.* The second requirement is satisfied if the exercise of jurisdiction comports "with due process." *Id.*

## Legal Analysis

### A. Florida's Long-Arm Statute

The Court concludes that it may not exercise personal jurisdiction over Heng Lee pursuant to the long-arm statute of Florida. "Florida's long-arm statute is to be strictly construed." *Sculptchair*, 94 F.3d at 627. The plaintiff has the burden of demonstrating facts that satisfy the statute's criteria. *See Rogers v. Nacchio*, 241 F. App'x 602, 605 (11th Cir. 2007).

There are two kinds of jurisdiction under Florida's long-arm statute: specific and general. *See Stubbs*, 447 F.3d at 1360 n.3; *Canale v. Rubin*, 20 So. 3d 463, 465 (Fla. 2d DCA 2009). "General jurisdiction arises from the defendant's contacts with the forum that are not directly related to the cause of action being litigated, while specific jurisdiction is founded on a party's activities in the forum that are related to the cause of action alleged in the complaint." *Stubbs*, 447 F.3d at 1360 n.3 (citations omitted). As Charming Silver has argued for both specific and general jurisdiction, the Court will consider each below.

1. Specific Personal Jurisdiction

As relevant here, Florida's long-arm statute provides for specific personal jurisdiction over a non-resident defendant as follows:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.
>
> * * *
>
> (f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> > 1. The defendant was engaged in solicitation or service activities within this state; or
> >
> > 2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

*See* Fla. Stat. § 48.193(1).

Thus, in plain English, Florida's long-arm provision permits the exercise of specific personal jurisdiction over a foreign defendant, such as Heng Lee, "for any cause of action arising from" either: its business activities in Florida; its tortious conduct committed in Florida; or its injuries to persons or property within Florida, even if the conduct giving rise to those injuries occurred outside of Florida, so long as the defendant was engaged in "solicitation or service

activities within this state" or its products were "used or consumed within this state" in the ordinary course of business. *See id.*

To determine whether any of these provisions apply in this case, we first look to the jurisdictional allegations of the Third-Party Complaint. *See United Techs. Corp v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Charming Silver alleges that:

> This Court has personal jurisdiction over Heng Lee because Heng Lee regularly transacts business with customers in the state, ships goods to its customers in the state, advertises and solicits business in the state. In particular, Heng Lee conducts business on a regular basis with Charming Silver and Barrocos, regularly ships goods to Charming Silver and Barrocos and has purposefully availed itself of the jurisdiction of this Court. Upon information and belief, Heng Lee regularly transacts business with customers other than Charming Silver in the state and [the] rest of the United States.

Third-Party Compl. ¶ 169. These allegations would appear to most directly implicate personal jurisdiction under section 48.193(1)(a), as they concern Heng Lee's alleged business activities within the state of Florida.

In order to qualify for jurisdiction under section 48.193(1)(a), a foreign defendant's business activities must, taken together, "show a general course of business activity in the state for pecuniary benefits." *See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (11th Cir. 2005). A number of factors are relevant to this determination, including "the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *See id.* The Court finds that business-activities jurisdiction is foreclosed here because Heng Lee has come forward with competent evidence showing that it has virtually no business contacts within this State. *See United Techs. Corp*, 556 F.3d at 1274. The evidence, in the form of an affidavit from Heng Lee's marketing manager, reveals that Heng Lee is a Hong Kong corporation that does not maintain an office or place of business in Florida, is not qualified or authorized to do business in Florida, has no employees or agents in Florida, has not authorized any agent to accept service in Florida, does not own or lease any real property in Florida, does not engage in any advertising or marketing in Florida, does not send employees to conduct business or marketing in Florida, and has never attended trade shows or business events in Florida. *See* Chung Aff. ¶¶ 3, 6-7, 10-15. Further, the affidavit establishes that Barrocos is Heng Lee's sole Florida customer. *Id.* Charming Silver's evidence, in the form

of a declaration from its principal/owner, fails to rebut these facts. *See Acquadro v. Bergeron*, 851 So. 2d 665, 671 (Fla. 2003) (plaintiff has the burden to offer further evidence to support the complaint's jurisdictional allegations after the defendant sufficiently challenges those allegations by affidavit). Most of Charming Silver's declaration is devoted to Heng Lee's contacts with the United States as a whole, including its contacts with Charming Silver outside of Florida. For purposes of Florida's long-arm statute, however, the relevant forum is Florida, not the United States. Thus, Charming Silver's declaration is insufficient to counter Heng Lee's evidence. The Court finds that personal jurisdiction does not exist under section 48.193(1)(a).

Although Charming Silver's jurisdictional allegations do not speak to anything beyond Heng Lee's supposed business contacts with Florida, the substantive allegations of the Third-Party Complaint potentially implicate sections 48.193(1)(b) and (f) of Florida's long-arm statute. Those provisions may be invoked where a defendant commits a tort in Florida, *see* Fla. Stat. § 48.193(b), or causes injury to persons or property in Florida by virtue of tortious conduct undertaken elsewhere, *see* Fla. Stat. § 48.193(f). The Third-Party Complaint alleges a claim for contributory copyright infringement, which is in the nature of a tort. *See* Third-Party Compl. ¶¶ 205-08; *see also Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). Other substantive allegations also paint Heng Lee as a tortfeasor. *See, e.g.*, Third-Party Compl. ¶¶ 203-04. In addition, Charming Silver argues in its response that the Court may exercise personal jurisdiction under subsections (1)(b) and (1)(f). Accordingly, the Court will consider the application of those provisions here.

"The Court recognizes that tortious conduct committed elsewhere but causing harm in Florida can satisfy part (1)(b) of Florida's long-arm statute." *Koch v. Royal Wine Merchants, Ltd.*, 2012 WL 957536, at *7 (S.D. Fla. Mar. 21, 2012); *see also Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1217 (11th Cir. 1999). Thus, even though Heng Lee never set foot in Florida, its allegedly tortious conduct committed abroad could, in theory, support personal jurisdiction if harm resulting from its conduct was felt in Florida. Accepting the allegations, Heng Lee committed contributory infringement in Hong Kong by manufacturing the flower design jewelry and then selling it to Charming Silver in California, which allegedly ultimately injured Charming Silver in Florida when it sold the infringing pieces to consumers at the Florida trade show, causing Barrocos to sue Charming Silver in Florida federal court. *Cf. Precision Software Servs., Inc. v. Fortune Fin. Sys., Inc.*, 1998 WL 1759759, at *4 (M.D. Fla. Nov. 9, 1998). While, under

this scenario, an injury was arguably felt in Florida from a defendant's out-of-state tortious conduct, the in-state injury to Charming Silver rests on attenuation upon attenuation. As such, the Court finds it insufficient to support jurisdiction under subsection 1(b). Moreover, Charming Silver's injury was to a business interest existing outside of Florida, irrespective of the fact that sales of the infringing product occurred here. The Eleventh Circuit has said that personal jurisdiction may not be grounded in section 48.193(1)(b) when the plaintiff's injury is solely to an out-of-state business interest. *See Estate of Scutieri v. Chambers*, 386 F. App'x 951, 953 (11th Cir. 2010); *Posner*, 178 F.3d at 1220. Therefore, Heng Lee is not subject to jurisdiction under subsection 1(b).

The Court also finds section 48.193(1)(f) inapplicable because Charming Silver's alleged injury is solely economic. Charming Silver seeks damages from Heng Lee as a contributory infringer, as well as contribution and indemnification. Charming Silver's damages, then, are solely to its pocket book. There is no suggestion that persons or property associated with Charming Silver were harmed in Florida. The Eleventh Circuit, following Florida law, has made clear that where a plaintiff's alleged injury is merely economic, subsection 1(f) will not support personal jurisdiction. *See Rogers*, 241 F. App'x at 606 ("With regard to § 48.193(1)(f), the court has held that economic injury, unaccompanied by physical injury or property damage, is insufficient to subject a non-resident defendant to personal jurisdiction in Florida."); *Sculptchair*, 94 F.3d at 629 ("mere economic injury without accompanying personal injury or property injury does not confer personal jurisdiction over nonresident defendants under section 48.193(1)(f)").

  2. <u>General Personal Jurisdiction</u>

Having found Florida's long-arm statute does not support an exercise of specific personal jurisdiction, the Court turns to whether it may assert general personal jurisdiction over Heng Lee. The Court finds this avenue foreclosed.

Florida's long-arm statute provides for general personal jurisdiction over a foreign defendant as follows:

> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(2).

"This provision allows the district court to assert general personal jurisdiction over a nonresident defendant, who has 'substantial and not isolated activity within' Florida, even when that activity is unrelated to the cause of action being litigated." *Stubbs*, 447 F.3d at 1361; *see also Vos, B.V. v. Payen*, 15 So. 3d 734, 736 (Fla. 3d DCA 2009); *Trs. of Columbia Univ. in City of N.Y. v. Ocean World, S.A.*, 12 So. 3d 788, 793 (Fla. 4th DCA 2009). To satisfy the "substantial and not isolated activity" requirement, Charming Silver must demonstrate that Heng Lee had "continuous and systematic general business contact" with Florida. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006); *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1145 (Fla. 3d DCA 2007); *Woods v. Nova Cos. Belize Ltd.*, 739 So. 2d 617, 620 (Fla. 4th DCA 1999). "The requisite threshold of 'continuous and systematic' contacts is significantly more demanding than the showing necessary to establish specific jurisdiction because section 48.193(2) does not require any connection between a plaintiff's claim and the defendant's Florida activities." *Vos, B.V.*, 15 So. 3d at 736.

No such showing can be made here. As discussed above, Heng Lee's affidavit makes plain that it has virtually no business contacts with the state of Florida. *See* Chung Aff. ¶¶ 3, 6-7, 10-15. Indeed, the undisputed evidence before the Court shows that Barrocos is Heng Lee's only Florida client. *See id.* ¶ 18. These business dealings alone are "not enough to establish general jurisdiction, when balanced against [Heng Lee's] lack of a physical presence in Florida, its non-solicitation of Florida clients, and its deriving less than one percent of its revenues from matters connected with Florida." *See Snow*, 450 F.3d at 1319. Thus, the Court cannot exercise general personal jurisdiction over Heng Lee under Florida's long-arm statute.

Because Heng Lee is not amenable to either specific or general personal jurisdiction under Florida's long-arm statute, the Court need not consider whether an assertion of jurisdiction would satisfy the due process requirements of the Fourteenth Amendment. *See Estate of Scutieri*, 386 F.3d at 953 ("Because we conclude that Florida's long-arm statute does not extend to the defendants' conduct as alleged in the Complaint, we need not evaluate the due process implications."); *Harbaugh v. Greslin*, 436 F. Supp. 2d 1315, 1322 (S.D. Fla. 2006) ("Because [party] has failed to satisfy any jurisdictional prerequisites of Florida's long-arm statute, the Court need not proceed with the second part of the personal jurisdiction analysis concerning the Due Process Clause.").

### B. Federal Long-Arm Jurisdiction

While Florida's long-arm statute does not support personal jurisdiction in this case, the Court concludes that personal jurisdiction over Heng Lee may be exercised pursuant to Federal Rule of Civil Procedure 4(k)(2).[1]  In cases where a defendant is not subject to jurisdiction in any state's courts of general jurisdiction, the federal long-arm provision embodied in "Rule 4(k)(2) permits a court to aggregate a foreign defendant's nationwide contacts to allow for service of process provided that two conditions are met: (1) plaintiff's claims must 'arise under federal law;' and, (2) the exercise of jurisdiction must be 'consistent with the Constitution and laws of the United States.'"  *See Consol. Dev. Corp.*, 216 F.3d at 1291.

For Rule 4(k)(2) to apply, the Court must find that the defendant is not amenable to personal jurisdiction in **any** state's courts of general jurisdiction.  *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 (11th Cir. 2009).  The Court has already determined that Heng Lee is not subject to jurisdiction in the courts of this State under Florida's long-arm statute.  Because Heng Lee has not identified any other state where it might be subject to personal jurisdiction, this Court is authorized to assume that Heng Lee is not amenable to jurisdiction in the courts of any state, and it may proceed under Rule 4(k)(2).  *Oldfield*, 558 F.3d at 1218 n.22.  As the Eleventh Circuit has explained, "[a] district court is not required to analyze the laws of all fifty states to ascertain whether any state court of general jurisdiction has jurisdiction over the defendant; rather, if the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)."  *Id.* (internal alterations and citations omitted).  In other words, "[a] defendant who wants to

---

[1] Charming Silver mentions Rule 4(k)(2), but does not successfully flesh out whether its requirements are met here.  In fact, it appears to conflate the requirements for federal long-arm jurisdiction under Rule 4(k)(2) with the separate requirements of Florida's long-arm statute.  To this end, Charming Silver's jurisdictional arguments are somewhat confused.  Heng Lee likewise devotes scant argument to Rule 4(k)(2).  Regardless, this Court may fully consider whether Heng Lee is amenable to personal jurisdiction under Rule 4(k)(2), as "[f]ederal courts are entitled to apply the right body of law, whether the parties name it or not."  *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) (finding jurisdiction under Rule 4(k)(2) even though parties failed to raise it as basis for personal jurisdiction); *Graduate Mgmt. Admission Council v. Raju*, 241 F.Supp.2d 589, 596-97 (E.D. Va. 2003) (while plaintiff "has not asserted 4(k)(2) as a basis for jurisdiction," the "omission is not decisive" to "change the conclusion that there is jurisdiction here under Rule 4(k)(2)'s nationwide contacts analysis").

preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001), *rule adopted by Oldfield*, 558 F.3d at 1218 n.22.  Heng Lee has not done so here; therefore, the Court proceeds to analyze whether Rule 4(k)(2)'s remaining requirements are met.  *ISI Int'l*, 256 F.3d at 552.

The Court finds that they are.  First, Rule 4(k)(2) requires that the plaintiff's claims arise under federal law.  *Consol. Dev. Corp.*, 216 F.3d at 1291.  Heng Lee contends that the Third-Party Complaint consists primarily of Florida state law claims for contribution and indemnification.  Reply at 3.  As Heng Lee recognizes, however, Charming Silver also alleges a claim for contributory copyright infringement pursuant to the federal copyright laws.  Third-Party Compl. ¶ 168 ("Charming Silver's claims for contributory infringement of Barrocos' [sic] alleged copyright against Heng Lee is brought pursuant to the Copyright Laws of the United States").  Nevertheless, Heng Lee argues that the contributory infringement claim does not arise under federal law because "such a claim is a common law claim rather than a statutory claim under the Copyright Act."  Reply at 3.  But Rule 4(k)(2) does not require the cause of action to expressly come from a federal statute in order to arise under federal law.  *See ,e.g.*, *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 45 (1st Cir. 1999) (Rule 4(k)(2) satisfied where claim arose under federal common law).  "As long as the source of the rule to be applied is federal," the plaintiff's "case is one 'arising under' federal law, and that element of the Rule 4(k)(2) calculus has been fulfilled."  *See id.*  Moreover, other courts have recognized that contributory infringement is rooted in federal copyright law.  *See Blue Ribbon Pet Prods., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 462-63 (E.D.N.Y. 1999).  So whether a common law claim or not, contributory infringement nonetheless arises under federal law because it is federal in character and will turn on questions of federal law.  *See Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 2009 WL 5879033, at *1 (N.D. Fla. Mar. 31, 2009) ("Under federal copyright law, third party liability is available under theories of contributory infringement and vicarious liability.") (citing *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir. 1987)); *see also In re South African Apartheid Litig.*, 643 F. Supp. 2d 423, 434 (S.D.N.Y. 2009) (Rule 4(k)(2) satisfied where "it is clear that plaintiffs' right to relief turns on the resolution of numerous substantial questions of

federal law"). Accordingly, the Court finds Charming Silver's contributory infringement claim arises under federal law, as required under Rule 4(k)(2).[2]

Second, Rule 4(k)(2) requires federal long-arm jurisdiction to be consistent with the United States Constitution and laws. *Consol. Dev. Corp.*, 216 F.3d at 1291. "Jurisdiction 'consistent with the Constitution and laws of the United States' is that which comports with due process." *Id.* "The exercise of personal jurisdiction comports with due process if the non-resident defendant has established 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Oldfield*, 558 F.3d at 1220. The applicable forum for purposes of Rule 4(k)(2) is the United States as a whole. *Id.* The nature and quality of the required contacts with the United States "vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp.*, 216 F.3d at 1291. Whereas specific jurisdiction "arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint," general jurisdiction "arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." *Id.* at 1291-92.

Looking to the allegations of the Third-Party Complaint, it is clear that specific jurisdiction supplies the relevant framework because Heng Lee's alleged contacts with the forum arise from, and relate to, Charming Silver's claims. *See Jackson v. Grupo Indus. Hotelero, S.A.*, 2008 WL 4648999, at *8 (S.D. Fla. Oct. 20, 2008). The Third-Party Complaint alleges that

---

[2] Heng Lee contends in the alternative that even if Charming Silver's claims arise under federal law, "the Copyright Act does not provide for service over a foreign defendant, such as Heng Lee, wherever it may be found, and accordingly, Charming Silver must establish that Heng Lee satisfied Florida's requirement for the assertion of personal jurisdiction over a foreign defendant." Reply at 3. This statement is true, as far as it goes. "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Republic of Pan. v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). But when the federal statute does not so provide, then we "look to the state long-arm statute in order to determine the existence of personal jurisdiction." *Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 626–27 (11th Cir. 1996). The Court has already performed this analysis above, under Florida's long-arm statute. Yet, Rule 4(k)(2) may always be considered secondarily where, as here, the defendant is not subject to jurisdiction in any state's courts. Indeed, several courts have applied Rule 4(k)(2) to claims arising under federal copyright law. *See, e.g.*, *Foreign Imp. Prods. & Pub., Inc. v. Grupo Indus. Hotelero, S.A.*, 2008 WL 4724495, at *12 (S.D. Fla. Oct. 24, 2008); *Smith v. Pat & Jane Emblems, Inc.*, 2005 WL 3032535, at *5 (D. Me. Nov. 10, 2005); *Graduate Mgmt. Admission Council v. Raju*, 241 F.Supp.2d 589, 596-97 (E.D. Va. 2003).

"Heng Lee is a Hong Kong based manufacturer who has been regularly soliciting, selling and supplying jewelry to Charming Silver since 2005"; that "Heng Lee regularly solicits business in the United States by sending e-mails and/or electronic or digital copies of its jewelry designs via regular mail or other means, offering them for sale to its customers in the United States"; that Heng Lee shipped jewelry orders to Charming Silver in California; that Heng Lee and Charming Silver regularly corresponded regarding jewelry orders; that "Heng Lee conducts business on a regular basis with Charming Silver and Barrocos, [and] regularly ships goods to Charming Silver and Barrocos"; and that "Heng Lee regularly transacts business with costumers other than Charming Silver in [Florida] and [the] rest of the United States." Third-Party Compl. ¶¶ 169, 177-79, 194.

Rule 4(k)(2)'s specific jurisdiction analysis is three-fold. "First, the defendant must have contacts related to or giving rise to the plaintiff's cause of action. Second, the defendant must, through those contacts, have purposefully availed itself of forum benefits. Third, the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there." *Fraser v. Smith*, 594 F.3d 842, 851 (11th Cir. 2010).

The Court has no problem concluding that the first of these requirements is met. Even Heng Lee does not deny that it shipped goods to both Charming Silver and Barrocos in the United States. *See* Chung Aff. ¶¶ 18-22. In addition, the Third-Party Complaint alleges that Heng Lee made, sold, and shipped to both Charming Silver and Barrocos in the United States jewelry with an identical flower design. *See* Third-Party Compl. ¶¶ 183-84. But for those sales and shipments, Barrocos would have no claim against Charming Silver for copyright infringement and Charming Silver would have no claim for contributory infringement against Heng Lee. The relatedness requirement is therefore satisfied.

Turning to the second requirement, the Court concludes that Heng Lee has purposefully availed itself of the benefits of doing business in the United States. Purposeful availment is found here because Heng Lee chose to do business in this Country with, among others, Charming Silver and Barrocos. Charming Silver has provided competent and unrebutted evidence in the form of a sworn declaration from its principal showing that Heng Lee has "had a significant clientele in the United States and that it regularly shipped jewelry orders to clients in the United States." Elmassian Decl. ¶ 10. The declaration further states that Heng Lee shipped jewelry to Charming Silver in California from 2005 to 2010; that Heng Lee solicited orders from

Charming Silver by email and catalogue; that Charming Silver placed twenty orders with Heng Lee, amounting to $100,000 in value, over the five-year period; that Heng Lee has a significant number of U.S. clients that place orders for U.S. delivery at trade shows in Hong Kong; that Heng Lee ships jewelry to Barrocos in Florida worth $300,000 annually; and that Heng Lee "regularly ships goods and solicits business from customers in the United States." *Id.* ¶¶ 11-12, 14, 17, 21-23.  While Heng Lee has submitted an affidavit from its marketing manager, the affidavit's contents are almost exclusively directed to Heng Lee's lack of contacts with Florida. As explained above, however, whether Heng Lee has sufficient contacts with Florida is not dispositive.  Rather, the relevant forum for Rule 4(k)(2) is the United States as a whole.  To this end, Heng Lee's affidavit fails to contradict Charming Silver's declaration.  To the contrary, Heng Lee actually admits that it "sells its jewelry to customers in various countries" and that it "attends trade shows in Hong Kong at which potential costumers based in the United States and elsewhere conduct business with Heng Lee." Chung Aff. ¶¶ 4, 16.  Considering this evidence, the Court finds that Heng Lee's jewelry products and solicitations did not reach U.S. shores haphazardly, by some attenuation or accident beyond its anticipation or control.  The purposefully availment prong is therefore clearly met here.

As to the third requirement, the Court finds it was imminently foreseeable that Heng Lee could be haled into court in the United States for selling and shipping to Charming Silver jewelry containing an identical design to that copyrighted by Barrocos. *See S.E.C. v. Carrillo*, 115 F.3d 1540, 1547 (11th Cir. 1997).  Having allegedly sold to two U.S. companies the same design of jewelry with the knowledge that one company purported to hold a copyright on the design, Heng Lee cannot claim surprise at being sued here.  "In sum, even if [Heng Lee] could not reasonably anticipate being haled into a court in this *state*, it certainly could reasonably anticipate being haled into a court in this *country*." *MGM Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1095 (C.D. Cal. 2003) (emphasis original).

Lastly, the Court finds that the exercise of personal jurisdiction in the United States comports with traditional notions of "fair play and substantial justice." *See Oldfield*, 558 F.3d at 1221 ("The minimum contacts a defendant may have purposely established with the forum must be evaluated in light of other factors to ensure that the exercise of jurisdiction comports with traditional notions of 'fair play and substantial justice.'").  In reaching this conclusion, the Court has considered the burden on Heng Lee to defend itself within a "foreign legal system," *see*

*Asahi Metal Indus. Co., Ltd. v. Superior Court*, 480 U.S. 102, 114 (1987), Charming Silver's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining efficient resolution of disputes, and the interests of the forum. *Foreign Imp. Prods. & Pub., Inc. v. Grupo Indus. Hotelero, S.A.*, 2008 WL 4724495, at *13 (S.D. Fla. Oct. 24, 2008); *Oldfield*, 558 F.3d at 1221. Although Heng Lee is domiciled in Hong Kong, its burden of defending suit in the United States is not particularly compelling because, as the Eleventh Circuit has observed, "modern methods of transportation and communication have ameliorated this sort of burden." *Carillo*, 115 F.3d at 1547 (citation omitted). In addition, Charming Silver and Barrocos have "an interest in obtaining relief for copyright infringement," whether contributory or otherwise, "and the United States certainly has an interest in upholding federal copyright laws, especially when a forum citizen has been harmed by the intentional tort of a non-resident defendant." *Grupo Indus. Hotelero*, 2008 WL 4724495, at *13. Also, the judicial system certainly has an interest in seeing this dispute resolved here, in the Southern District of Florida, because it is related to, and intertwined with, the principle dispute between Barrocos and Charming Silver. Heng Lee allegedly supplied both the copyrighted jewelry design to Barrocos and the infringing design to Charming Silver. As documents and witnesses may substantially overlap, interests of judicial and litigant economy counsel in favor of resolving both disputes together. Requiring Charming Silver to litigate on two fronts, with one being in a faraway land, makes no sense under these circumstances and would in fact undercut the interests of "fair play and substantial justice."

## Conclusion

While Florida's long-arm statute does not furnish personal jurisdiction over Heng Lee, the Court finds that Heng Lee is subject to jurisdiction under the federal long-arm provision of Rule 4(k)(2). Further, the Court finds that an exercise of jurisdiction comports with due process. Accordingly, it is hereby **ORDERED and ADJUDGED** that Heng Lee's Motion to Dismiss Third-Party Complaint for Lack of Personal Jurisdiction is **DENIED**. Heng Lee shall file a response to the Third-Party Complaint by **May 16, 2012**.

**DONE and ORDERED** in chambers at Miami, Florida on May 9, 2012.

_____
**ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE**

*Copies to:* Counsel of record