UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-CV-22393-SCOLA

BARROCOS OF FLORIDA, INC.,

    Plaintiff,

vs.

JOHN GILBERT ELMASSIAN,

    Defendant,

and

JOHN GILBERT ELMASSIAN
d/b/a CHARMING SILVER,

    Third-Party Plaintiff,

vs.

HENG LEE PEARL COMPANY, LTD,
d/b/a AUDREY,

    Third-Party Defendant.
_____/

**ORDER ON MOTION TO STAY DISCOVERY
AND MOTION FOR PROTECTIVE ORDER**

    THIS MATTER is before the Court on the Renewed Motion for Stay of Discovery Pending Ruling on Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 77] and the Motion for Protective Order Precluding Plaintiff from Proceeding with Depositions of Heng Lee Pearl in Florida [ECF No. 80], both filed by Third-Party Defendant Heng Lee Pearl Company ("Heng Lee"). For the reasons explained below, the Court denies the Motion for Stay of Discovery. The Court also denies in part the Motion for Protective Order, and defers ruling upon the remainder until it receives a response from the Plaintiff, Barrocos of Florida, Inc. ("Barrocos"), tomorrow by noon.

### A. Motion for Stay of Discovery

Heng Lee moved to stay discovery until the Court issued a ruling on Heng Lee's Motion to Dismiss for Lack of Personal Jurisdiction.  Heng Lee argued it should not be subjected to discovery obligations when there was a fair chance the Court would find personal jurisdiction lacking.  The Court having now ruled upon the Motion to Dismiss and having determined that it has personal jurisdiction over Heng Lee pursuant to Federal Rule of Civil Procedure 4(k)(2), there is no longer any basis for a stay of discovery.  Accordingly, this Motion is denied on mootness grounds.

### B. Motion for Protective Order

Heng Lee seeks a protective order precluding the Plaintiff, Barrocos, from proceeding with depositions of Heng Lee and its employees, pending a ruling from this Court on Heng Lee's Motion to Stay Discovery.  Heng Lee also asks the Court to order that any depositions of Heng Lee's Rule 30(b)(6) representatives and employees be conducted in Hong Kong, where Heng Lee is domiciled, rather than in Florida where Barrocos seeks to take the depositions.

As the Court is denying the Motion to Stay Discovery, there is no longer a basis for a protective order preventing Barrocos, or any other party, from deposing Heng Lee and its employees.  The Court has determined that it may exercise personal jurisdiction over Heng Lee and has ordered Heng Lee to file a response to the Third-Party Complaint forthwith.  In addition, the close of discovery is fast approaching.  As such, the Court finds no reason to preclude any party from proceeding with depositions of Heng Lee.

As to Heng Lee's second request, the Court defers ruling pending a response by Barrocos.  There is a presumption that a non-resident corporate defendant should be deposed in its principal place of business.  *See LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007).  All things being equal, then, any depositions of Heng Lee and its employees should be conducted in Hong Kong.  This presumption may be overcome in certain cases, however.  Accordingly, the Court temporarily stays any depositions of Heng Lee in Florida until May 10, 2012 at 5 p.m.  In the interim, Barrocos is directed to file a response solely concerning whether the presumption in this case is overcome by any relevant factors, *see LeBlanc*, 2007 WL 2446900, at *3.  If Barrocos believes that the presumption is not overcome, then it shall file an acknowledgement so stating.  Barrocos's response or acknowledgement shall be filed by May 10, 2012 at noon.  To the extent that Third-Party Plaintiff Charming Silver

wishes to weigh in on this issue, it must also do so by May 10, 2012 at noon.  The Court will issue its ruling by May 10, 2012 at 5 p.m.  If the Court finds that the presumption is overcome, then the depositions may proceed as soon as May 14, 2012 in Florida, to allow adequate time for Heng Lee to reach the jurisdiction from Hong Kong.  If the Court finds the presumption not overcome, then the parties shall schedule the depositions in Hong Kong at a mutually convenient date and time.  Of course, the parties would also be free to fashion a compromise to save on costs and to further efficiency, especially since time is of the essence with discovery closing at the end of May.  The parties might consider, for example, whether these depositions could be conducted by electronic means, such as Skype.

## Conclusion

For the reasons explained above, it is hereby **ORDERED and ADJUDGED** that Heng Lee's Motion to Stay Discovery is **DENIED AS MOOT**.  Heng Lee's Motion for Protective Order is **GRANTED IN PART**.  The Court **DEFERS RULING** on the remainder of the Motion.  Barrocos and any other party may proceed with depositions of Heng Lee, however all such depositions are temporarily stayed pending a response on the place of deposition issue.  Barrocos and Charming Silver shall submit a response or acknowledgement by **May 10, 2012 at noon**.  The Court will issue a ruling by **May 10, 2012 at 5 p.m.** as to where the depositions must be held.

**DONE and ORDERED** in chambers at Miami, Florida on May 9, 2012.

    _____
    ROBERT N. SCOLA, JR.
    UNITED STATES DISTRICT JUDGE

*Copies to:* Counsel of record