UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 11-CV-22393-SCOLA

BARROCOS OF FLORIDA, INC.,

    Plaintiff,

vs.

JOHN GILBERT ELMASSIAN,

    Defendant,

and

JOHN GILBERT ELMASSIAN
d/b/a CHARMING SILVER,

    Third-Party Plaintiff,

vs.

HENG LEE PEARL COMPANY, LTD,
d/b/a AUDREY,

    Third-Party Defendant.
_____/

## ORDER REGARDING LOCATION OF HENG LEE DEPOSITION

THIS MATTER is before the Court on the Motion for Protective Order Precluding Plaintiff from Proceeding with Depositions of Heng Lee Pearl in Florida [ECF No. 80], filed by Third-Party Defendant Heng Lee Pearl Company ("Heng Lee"). The Court has considered the response from Plaintiff Barrocos of Florida, Inc. ("Barrocos"), the memorandum from Defendant and Third-Party Plaintiff John Gilbert Elmassian d/b/a Charming Silver ("Charming Silver"), and is now prepared to rule regarding the place of deposition for Heng Lee's Rule 30(b)(6) corporate representative. The Court finds that the deposition should be held in Florida, not Hong Kong.

## **Legal Analysis**

As the Court previously noted, a presumption exists that a non-resident corporate defendant should be deposed in its principal place of business. *See LeBlanc v. Unifund CCR Partners, G.P.*, 2007 WL 2446900, at *3 (M.D. Fla. Aug. 23, 2007). All things being equal, then, any depositions of Heng Lee and its employees should be conducted in Hong Kong. This presumption may be overcome in certain cases, however. *See id.* Among the factors the Court may consider are location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, and the expense involved in holding the deposition in one place or another. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628-29 (C.D. Cal. 2005). Ultimately, "[t]he location of the deposition is in my discretion." *See Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985); *see also Marrero Enters. of Palm Beach, Inc. v. Estefan Enters., Inc.*, 2009 WL 3048698, at *2 (S.D. Fla. Sept. 18, 2009).

The Court finds that, as to the Rule 30(b)(6) deposition, Barrocos and Charming Silver have shown good cause why the presumption should give way here. Although Heng Lee is domiciled in Hong Kong, Barrocos and Charming Silver seek to depose a single Rule 30(b)(6) corporate representative; counsel for all the parties, including Heng Lee, are located in South Florida; and it would be cost prohibitive to require Barrocos and Charming Silver to travel to Hong Kong for a single deposition. In addition, Barrocos has offered to pay the travel expenses for Heng Lee's corporate representative to appear for deposition in South Florida. Heng Lee's sole argument in favor of Hong Kong is that it maintains its principal place of business there and "neither Heng Lee nor any of its employees conducts business or resides in Florida." *See* Mot. at 4-5 [ECF No. 80]. The Court notes that this statement is partly untrue, given that Heng Lee has conducted business with Barrocos in Florida. Moreover, this argument is insufficient to warrant a protective order, directing the deposition be held other than the place noticed, which is Florida. *See Cadent*, 232 F.R.D. at 629 ("Since plaintiff has the burden under Rule 26(c) to show good cause for the issuance of a protective order requiring the depositions not be held in Los Angeles, where they were noticed, and it has presented absolutely no evidence showing a specific and particular need for such protective order, its request is without merit.").

"Corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy." *Sugarhill Records*, 105 F.R.D. at 171.  Conducting the deposition in Hong Kong would require every party's counsel, and possibly a court reporter and translator, to travel to Hong Kong, whereas holding the deposition in Florida would require only Heng Lee's representative to travel.  *See Marrero Enters. of Palm Beach*, 2009 WL 3048698, at *2.  Under the circumstances here, judicial economy clearly counsels in favor of holding the Rule 30(b)(6) deposition in Florida instead of Hong Kong. *See Partecipazioni Bulgari, S.p.A. v. Meige*, 1988 WL 113346, at *1 (S.D. Fla. May 23, 1988) ("the court may consider the convenience of all parties in the general interest of judicial economy when determining the proper place for deposition").  As a condition of this ruling, Barrocos and Charming Silver shall be required to coordinate dates for the deposition, such that Heng Lee's Rule 30(b)(6) witness is made to travel to Florida only once.  As a further condition, Barrocos and Charming Silver shall equally pay the reasonable travel and lodging expenses of Heng Lee's representative and any other corporate parties Heng Lee deems necessary to bring to the depositions.  *See id.* at *2.  Although Charming Silver has not volunteered to pay such expenses, the Court finds it eminently reasonably to impose such a condition, requiring it to share the burden of the expense with Barrocos.

## Conclusion

For the reasons explained above, it is hereby **ORDERED and ADJUDGED** as follows:

1. Heng Lee's Motion for Protective Order is **DENIED**.  Barrocos and Charming Silver may proceed with the deposition of Heng Lee's Rule 30(b)(6) representative in Florida.  The Court stresses that it is <u>only</u> authorizing the deposition of Heng Lee's Rule 30(b)(6) witness in Florida.  If Charming Silver or Barrocos wish to depose Jesby Sum, Gladys Lam, or any other Heng Lee witness, they must do so in Hong Kong *unless* it is demonstrated that such is not permitted under Hong Kong law.

2. Barrocos and Charming Silver shall share equally in the reasonable travel and lodging expenses of Heng Lee's Rule 30(b)(6) corporate representative and any other parties Heng Lee reasonably requires to have present for that deposition.

3. Barrocos and Charming Silver shall coordinate a mutually convenient date for the Rule 30(b)(6) deposition. In light of the impending discovery deadline, the single deposition authorized by this Order may be held as soon as **May 14, 2012**, which should permit adequate time for travel and prepping of Heng Lee's corporate witness.

**DONE and ORDERED** in chambers at Miami, Florida on May 10, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of record